United States District Court
Southern District of Texas
**ENTERED**
October 13, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | **2:12-CR-804** |
| | § | **(2:15-CV-497)** |
| JEFFREY TODD HOWARD, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Jeffrey Todd Howard filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, along with a formal supplement in support. D.E. 66, 71. The Government responded and moved for summary judgment. D.E. 70.

**I. BACKGROUND**

Howard was indicted on October 10, 2012, on one count of enticement and coercion of a minor in violation of 18 U.S.C. § 2422(b). He made his initial appearance on November 13, 2012. He was appointed counsel that day and arraigned a few days later.

Howard waived his right to a jury trial. The Court held a bench trial over two days in April 2013, after which the Court found Howard guilty of the charges. The Fifth Circuit summarized the evidence in detail before addressing Howard's claim that the evidence was insufficient. In part the Fifth Circuit described:

> The evidence supporting Howard's conviction was gathered through a three-week sting operation in which Detective Alicia Escobar of the Corpus Christi Police Department posed as the mother of two fictitious underage girls from February through March 2012. During this time period, Howard was unemployed and living with his girlfriend in California. As a result of a basketball injury to his back, Howard was bedridden. . . . What began as small talk on a social-networking website escalated into a flirtation and finally took a turn when Howard brought up "taboo" and asked Cabrielez, "can you get me a quince?" Cabrielez took this to mean that Howard was asking for a fifteen-year-old girl for sex. . . . Cabrielez took a screen shot of the conversation on her phone and went to the authorities.

Cabrielez contacted Detective Alicia Escobar. Detective Escobar works with the Corpus Christi Police Department's Internet Crimes Against Children Task Force. Detective Escobar created a fictitious persona, Melinda Posada, complete with an email address, instant-message account, and Facebook profile. Cabrielez introduced Howard to Melinda Posada as her friend with access to children.

The next day, Howard sent an email to Detective Escobar's fictitious persona's email address. Detective Escobar replied: "[Cabrielez] mentioned taboo. Can you tell me more?" Howard responded: "I'm sorry over the phone would be better, not over email." Howard sent her his phone number, and they made a plan to talk the next day.

Howard called Detective Escobar. On the call, Detective Escobar asked Howard: "What are you looking for? [Cabrielez] told me ... that you wanted her to get you a 15–year old. I said, I don't know if I can help because my daughter is 14 ... and I have an 11–year–old daughter." Howard confirmed that he was interested in having sex with children, and that he was interested in having sex with Detective Escobar's 14–year–old.

***

Howard asked for photographs of Detective Escobar's daughter and offered to and ultimately did send a picture of his penis. Detective Escobar testified at trial that, based on her training and experience, she thought that Howard sent the picture "[t]o confirm that he was not a cop, as well as to convince me to send a picture . . . to make sure that [the daughters] were real and I was who I was saying I was."

The trial court admitted audio recordings and transcripts of telephone and electronic-messaging conversations between Howard and Detective Escobar containing explicit sexual talk. In the conversations, Howard described with specificity and detail the sex acts he intended to perform with the underage girls and their mother. He often masturbated during these conversations.

***

The last telephone conversation in March 2012, Howard demanded that Detective Escobar send him photographs or put one of her daughters on the phone: "Put Brit on 3–way," he demanded, in the midst of a graphic, highly sexual conversation. Detective Escobar refused: "No convos til you're here. I don't want to scare her. I want this to be a good thing for her. I want her to feel it before she hears you." Howard replied: "Well, honestly, I want to make sure I am not coming for nothing. . . . [I am] [p]robably walking into a trap." Later, Howard asked: "why do I have to book a flight to talk to the girls? That doesn't make sense. What difference does it make?"

At this point, Detective Escobar testified that she drew a "line in the sand": "You ain't talking to the girls. I told you that I ain't getting their hopes up and introducing when you ain't even here. Take it or leave it." Howard responded: "Okay. I'll leave it. You don't talk to me like that. Nobody does." This message was the last time Howard contacted Detective Escobar.

Three months later, the police arrested Howard in Northridge, California.

2

*United States v. Howard*, 766 F.3d 414, 416-18 (2014).

The Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). Howard's base offense level was 28 pursuant to U.S.S.G. § 2G1.3(b)(3)(B). His offense level was increased by two because the offense involved use of a computer for a total offense level of 30. Howard had no criminal history, and his guideline sentencing range was 97 to 121 months, with a statutory minimum sentence of 120 months. Howard objected to the PSR on multiple factual grounds. D.E. 31.

Sentencing was held in July 2013. The Court overruled Howard's objections to the PSR and adopted the PSR as the findings of the Court. The Court reviewed a letter from Howard's mother. Defense counsel argued for a minimum statutory sentence of 120 months, to be followed by the minimum required supervised release of five years. The Government concurred with the 120-month recommendation, but requested imposition of at least 10 years' supervised release based upon Howard's trial testimony. *Id*., pp. 5-6. The Court imposed a 120-month sentence, followed by a term of 10 years' supervised release, and a special assessment of $100.

Howard appealed, but the Fifth Circuit Court of Appeals affirmed the judgment on September 9, 2014. *Howard*, 766 F.3d at 430. He then filed a petition for writ of certiorari that was denied on January 12, 2015. Howard filed the present motion on December 8, 2015. It is timely.

## II. MOVANT'S ALLEGATIONS

Howard raises multiple claims: (1) his conviction was obtained by prosecutorial misconduct by the Corpus Christi Police Department, and the Government should have known that the charges against him were for a fictitious offense; (2) his Indictment failed to charge an offense because venue for an attempt crime was in California; (3) his conviction was obtained in violation of his Fifth and Sixth Amendment rights; (4) the evidence to support his conviction was insufficient; and (5) his counsel at trial and on appeal was ineffective because counsel failed to: challenge venue,

establish that the crime Howard attempted was a factual impossibility, and adequately present factual impossibility to the Fifth Circuit.

Howard's supplement to his § 2255 motion was filed on February 29, 2016. In his supplement, he further argues that counsel provided ineffective assistance by failing to: (1) challenge the Indictment before trial; (2) re-urge a motion for acquittal post-verdict; (3) move to suppress evidence and to exclude from evidence Howard's cell phone; (4) object to evidence at trial outside the charged offense and time-frame of the Indictment; (5) object to lay opinion testimony; (6) challenge the sufficiency of the Indictment post-trial and on appeal, and (7) challenge venue in the Southern District of Texas. Howard further argues that counsel's failure to withdraw after sentencing and to secure different appellate counsel for Howard rendered appellate counsel's performance inadequate and violated Howard's Sixth Amendment rights. Howard argues that the Government engaged in inequitable conduct and contends that he is actually innocent of the charged crime and of specific intent to commit the crime.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

Furthermore, a defendant may not raise an issue for the first time on collateral review

4

without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." *Id*. at 165.

### B. Statute of Limitations as to Howard's Supplemental Claims

Howard's originally-filed § 2255 motion was timely. Any amendments or supplements to that motion are also subject to the one year statute of limitations applicable to § 2255 motions, unless they "relate back" to the original claims. *Mayle v. Felix*, 545 U.S. 644, 649-50 (2005). The deadline for Howard to file his § 2255 motion was one year from the date his judgment became final, or on or before January 12, 2016. Howard's supplement was not filed until February 29, 2016, according to his Certificate of Service. D.E. 71, p. 11. Therefore, unless Howard's claims relate back pursuant to Rule 15(c)(2), the claims are barred by limitations. *See Mayle*, 545 U.S. at 663-64. *Mayle* limited the reach of Rule 15(c)(2) in habeas case to those claims "tied to a common core of operative facts." *Mayle*, 545 U.S. at 664. "[A]mendments do not relate back if they assert 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009).

#### 1. Counsel's failure to challenge the Indictment

Howard's supplemental claim that counsel failed to challenge the indictment before trial, post-trial, and on appeal is not specific as to the basis for the challenge. To the extent that challenge relates to venue, it is the same as his previous claim and thus relates back and is not barred by statute. Any other claim for failure to challenge the Indictment does not relate back and is barred by limitations.

#### 2. Counsel's failure to re-urge a motion for acquittal post-verdict

5

The purpose of moving for acquittal post-verdict is to preserve a challenge to the sufficiency of the evidence in a jury trial. FED. R. CRIM. P. 29. Howard's original § 2255 motion complains about the sufficiency of the evidence, but does not have any complaint that counsel failed to preserve or challenge the issue. Howard's supplemental claim relates to a specific time and action by counsel, unlike his more global claim related to the sufficiency of the evidence. His new claim does not relate back to his original motion.

### 3.  Counsel's failure to file a motion to suppress

Howard's initial claim involving prosecutorial misconduct by the CCPD includes complaints that his telephone records were illegally seized and evidence was improperly gathered. However, that claim is different than the claim that counsel should have filed a motion to suppress. Although related, Howard's first claim relates to Government conduct before indictment. The second claim relates to counsel's conduct after indictment and involves a different legal theory. Therefore, Howard's claim that counsel failed to file a motion to suppress does not relate back to his original claim of prosecutorial misconduct.

### 4.  Actual innocence

Howard claims that he is actually innocent because there was no minor Jane Doe in Texas and that he is actually innocent of "specific intent to commit the underlying crime . . . ." D.E. 71, p. 9. He claims his actual innocence is established by his statement of "Okay, I'll leave it" to Detective Escobar. Howard claims he is actually innocent of the crime of conviction on two grounds: (1) there was only an undercover officer and no real minor for him to entice, persuade, or induce, and (2) he did not have the requisite mens rea because he "backed off." In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013), the Court held that a convincing plea of actual innocence can overcome the AEDPA statute of limitations, even when equitable tolling is not available. "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v.*

*United States*, 523 U.S. 614, 623–624. Actual innocence can overcome other procedural bars as well. However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1996)) (emphasis added).

The key to a claim of actual innocence is new evidence that casts substantial doubt on the original conviction. Howard has not presented any new evidence, but relies on evidence that the Court and the Fifth Circuit have already considered. Accordingly, his claim of actual innocence does not meet the *McQuiggin* standard and does not excuse any procedural defaults or untimeliness.

### 5.  Counsel's failure to make trial objections

Howard's claim that counsel was ineffective for failing to object to evidence does not relate back to any of his original claims. Nor does Howard's claim that counsel was ineffective based upon his failure to make specific arguments on appeal connect to his new claim that counsel was ineffective for failing to withdraw and to obtain different counsel on appeal.

Because Howard's newer claims are outside limitations except as noted, the Court does not consider them.

### C. Procedural Bar

A number of Howard's claims are procedurally barred because he did not raise them on appeal. *See Frady*, 456 U.S. at 166. Howard's claims that his conviction was obtained by prosecutorial misconduct and that the Indictment failed to state an offense should have been raised on appeal. Because they were not, and Howard does not establish cause and prejudice, the Court may not consider them. *See United States v. Alanis*, 88 Fed. App'x 15, 23 (5th Cir. 2004) (per curiam) (designated unpublished) (since defendant filing a § 2255 failed to raise prosecutorial

misconduct at trial or direct appeal, he must show both cause and prejudice for procedural default).

In addition, claims that were raised on appeal and rejected may not be raised again in a § 2255 proceeding. The Fifth Circuit rejected Howard's claim that the evidence was insufficient.[1] *Howard*, 766 F.3d at 428. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014).

### D. Ineffective Assistance of Counsel

#### 1. Standard for claims of ineffective assistance of counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v.*

---

[1] Howard's claim that counsel failed to move for acquittal is immaterial in light of Howard's conviction after a non-jury trial and the Fifth Circuit's merits determination that the evidence was sufficient.

*Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

"The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir.1998)). Counsel's appellate performance is judged under the same *Strickland*, standard applicable to trial performance. 466 U.S. 668 (1984). "When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal.'" *United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)).

### 2. Counsel failed to object that Howard's conviction was obtained in violation of his Fifth and Sixth Amendment rights

In this ground, Howard complains that: (1) the Government failed to establish venue because Howard did not commit any criminal acts within the Southern District of Texas such that the case was brought in the wrong district, and (2) Howard was deprived of the right to demand a jury of his peers and thereby of due process of law, and counsel failed to object to the deprivation.

### a. Counsel failed to challenge venue

Howard was convicted under 18 U.S.C. § 2422(b), which reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

*Id*. Howard argues that because there were no actual minor girls in the Southern District of Texas – Corpus Christi Division, venue was not established by Officer Escobar's presence within the

district.

To determine whether venue is appropriate,"a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez–Moreno*, 526 U.S. 275, 279 (1999). "To identify the conduct constituting the offense, we scrutinize the statute of conviction." *United States v. Clenney*, 434 F.3d 780, 781 (5th Cir. 2005). Unless otherwise specified by statute, venue of a continuing offense is in any district where the offense was begun, continued, or completed. 18 U.S.C. § 3237(a). Violation of § 2422(b) is a continuing offense. *United States v. Rounds*, 749 F.3d 326, 335 (5th Cir. 2014). In *Rounds*, the court held that phone messages and texts to the minor in Odessa constituted acts within the district of conviction and supported proper venue. *Id.* at 335-36.

To obtain a conviction for attempted persuasion, inducement, enticement, or coercion under § 2422(b), the statute does not require that the defendant bring about or attempt sexual contact, only that he persuade, induce, entice, coerce, or attempt to persuade, induce, entice, or coerce a minor to engage in such contact. *United States v. Barlow*, 568 F.3d 215, 219 n.10 (5th Cir. 2009). Moreover, a defendant can also violate the statute solely through communications with an adult whom he knows to be an adult if he directs "some of his intended inducements to the [child]." *United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012) (per curiam). The statute is also violated when a defendant communicates with an adult undercover agent posing as a minor or as a person with access to a child. *United States v. Farner*, 2512 F.3d 510, 513 (5th Cir. 2001); *see also United States v. Caulfield*, 709 F.3d 444 (5th Cir. 2013) (undercover officer posing as caretaker of two young girls). When a defendant directs text messages or other communication to an intended recipient within the district of conviction, even if the recipient is not the person the defendant believes him or her to be, venue is established.

Howard faults counsel's failure to challenge venue, but the filing of pretrial motions, such

as a challenge to venue, falls squarely within trial strategy. *See Murray v. Maggio*, 736 F.3d 279, 283 (5th Cir. 1984). Howard has not provided any legal authority to suggest that a motion to dismiss the Indictment for lack of venue would have been granted. Because defense counsel is not required to file futile motions, unless Howard can establish that there is a reasonable possibility that the motion would have been granted, he cannot establish prejudice for his claim of ineffective assistance of counsel on this ground. Howard has not met his burden.

### b. Jury trial

Howard claims he was denied his right to a jury trial. The record contradicts his claim by demonstrating that a bench trial was his conscious choice.  On February 25, 2013, the Court granted Howard's oral motion for continuance and set a bench trial for April 3, 2013. *See* Minute Entry Feb. 25, 2013. Defense counsel filed a trial brief at the Court's request in which he stated, "Defendant and the Government have agreed, and the Court has allowed, waiver of jury trial and will proceed to a 'bench trial.'" D.E. 24, p. 1. Howard signed a waiver of his right to a jury trial on April 3, 2013. D.E. 28. The Court finds that Howard waived his right to a jury trial.

### 3. Factual impossibility

Howard argues that he could not have committed the underlying offense of sexual assault of a minor who was the subject of persuasion, enticement, or inducement in Texas because he was bedridden in California. 18 U.S.C. § 2422(b). Howard testified at trial that he was bedridden in California during his conversations with Detective Escobar. *See* D.E. 56, pp. 37-40. Howard also argues that counsel performed ineffectively because he did not adequately present the defense of impossibility to the Court or to the Fifth Circuit.

The Fifth Circuit has rejected the defense of impossibility:

[T]his circuit has properly eschewed the semantical thicket of the impossibility defense in criminal attempt cases and has instead required proof of two elements: first, that the defendant acted with the kind of culpability otherwise required for the

commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt.

*See Farner*, 251 F.3d at 512-13.

During trial, instead of arguing impossibility, defense counsel argued that Howard did not act with the kind of culpability required and argued strenuously that Howard never engaged in a "substantial step" towards the conduct. On appeal, the Fifth Circuit considered the issue of substantial step at length in deciding whether the evidence was sufficient to support Howard's conviction. *Howard*, 766 F.3d at 425-28. Based upon the Fifth Circuit's rejection of impossibility as a defense, Howard has not established any prejudice from counsel's failure to raise impossibility during trial.

### 4. Alleged ineffective assistance on appeal

Howard claims that counsel provided ineffective assistance on appeal by failing to challenge venue and raise impossibility on appeal. This Court reviewed the docket sheet from the Fifth Circuit and the brief filed on Howard's behalf. The Fifth Circuit heard oral argument on this case and several months later issued a published opinion. In defense counsel's brief, he reviewed the law from multiple circuits on what constitutes a substantial step and also raised two constitutional challenges.

There is no requirement that appellate counsel raise every non-frivolous issue on appeal. Appellate counsel may select the issue or issues he thinks may provide the best chance for reversal. *Jones v. Barnes*, 463 U.S. 745 (1983). To demonstrate prejudice, Howard must show a reasonable probability that he would have prevailed on appeal had counsel raised the claimed issue. *See Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *Ramirez-Burgos v. United States*, 313 F.3d 23, 33 (1st Cir. 2002) (no reasonable probability that appeal panel would have found "plain error" had

appellate counsel raised jury instruction issue precludes finding of prejudice under *Strickland*).
Howard has not met his burden to establish prejudice by showing that raising issues like venue or
impossibility would in reasonable probability have changed the result of his appeal.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus
proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.
§ 2253(c)(1)(A). Although Howard has not yet filed a notice of appeal, the § 2255 Rules instruct this
Court to "issue or deny a certificate of appealability when it enters a final order adverse to the
applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a
substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA
determination under § 2253(c) requires an overview of the claims in the habeas petition and a
general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must
demonstrate that reasonable jurists would find the district court's assessment of the constitutional
claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires
a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have
been resolved differently, or that the issues presented deserved encouragement to proceed further.
*United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).
As to claims that the district court rejects solely on procedural grounds, the movant must show both
that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial
of a constitutional right *and* that jurists of reason would find it debatable whether the district court
was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Howard is not entitled to a COA on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V.  CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 70) is GRANTED, Howard's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 66) is **DENIED**, and Howard is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 12th day of October, 2016.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

14